Case 4:23-cv-02086   Document 18   Filed on 11/26/24 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
December 02, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRISH JOHNSON, § | |
| § | |
| *Plaintiff/Counterclaim-Defendant*, § | |
| VS. § | CIVIL ACTION NO. 4:23-cv-2086 |
| § | |
| BLOOM RETIREMENT HOLDINGS INC. § | |
| f/k/a AMERICAN ADVISORS GROUP, § | |
| § | |
| *Defendant/Counterclaim-Plaintiff.* § | |

## ORDER

Pending before this Court is Bloom Retirement Holdings Inc.'s ("Defendant") Motion for Summary Judgment. (Doc. No. 16). Trish Johnson ("Plaintiff") had until July 15, 2024, to respond but did not do so. Having considered the motion and the relevant pleadings, the Court **GRANTS** the motion. (*Id.*).

### I.  Background

This case arises out of a reverse mortgage Plaintiff entered into with Defendant's predecessor in interest, American Advisors Group, with her home in Katy, Texas, as collateral. What follows are Plaintiff's allegations, taken from her Complaint. Defendant failed to properly disclose that, under the terms of the reverse mortgage, she was required to pay her property taxes annually. (Doc. No. 5 at 2). Nevertheless, Plaintiff timely paid her property taxes until Defendant "circumvented her by obtaining tax statements and paying them before they were due." (*Id.*). When she found out, she contacted Defendant, whose representative told her that she does not have to repay Defendant for the tax payments because those payments would be added to her reverse mortgage balance. (*Id.* at 3). Relying on this representation, Plaintiff used the funds that she was otherwise going to use to pay taxes to make improvements to the house. (*Id.*). Eventually, however,

Plaintiff expressed that she wanted to pay her property taxes herself. (*Id.*). Despite her objections, Defendant paid the taxes before they were due and "began demanding repayment." (*Id.*). Plaintiff sought to condition her repayment on her paying her own property taxes in the future, but Defendant refused and eventually sought foreclosure. (*Id.*). Based on these allegations, Plaintiff filed suit in state court. She purports to bring the following causes of action: (1) a declaratory judgment, specifically as to whether Defendant has the right to accelerate the note and seek a forfeiture; (2) waiver, promissory estoppel, and fraud; and (3) breach of contract for improperly accelerating the note and seeking a forfeiture. (*Id.* at 3–4).

Defendant timely removed, invoking this Court's diversity jurisdiction. It also filed a counterclaim for foreclosure under Texas Property Code § 51.002, alleging that "Plaintiff failed to make her tax and/or insurance payments under the terms of the Loan." (Doc. No. 15 at 8–9).

## II.  Legal Standards

The Court has before it Defendant's Motion for Summary Judgment, to which no response has been filed. (Doc. No. 16). This Court's Local Rules state that "[f]ailure to respond to a motion will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4; *see also* Hanen L.R. 7(D). As stated above, Plaintiff failed to respond to Defendant's motion by the deadline. The local rules would thus allow the Court to grant Defendant's motion as it should be considered unopposed.

Nevertheless, the Fifth Circuit has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation. *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (citing *Johnson v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1985)); *Ramsey v. Signal Delivery Serv.*, 631 F.2d 1210, 1213–14 (5th Cir. 1980). In other words, where a party does not respond to a motion for summary judgment,

such failure does not permit the Court to enter a "default" summary judgment. Therefore, the Court will consider the merits of the motion.

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

### III. Analysis

Plaintiff purports to bring three causes of action: (1) for a declaratory judgment, (2) promissory estoppel and waiver, and (3) breach of contract. Defendant brings one: foreclosure. Defendant has moved for summary judgment on all of Plaintiff's claims and its counterclaim. They are taken in turn.

## A. Declaratory Judgment

When, like here, a declaratory-judgment action is filed in state court and is subsequently removed to federal court, "it is converted to one brought under the federal Declaratory Judgment Act." *Bell v. Bank of Am. Home Loan Servicing LP*, No. 4:11-cv-2085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (Ellison, J.); *see also Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 591 (N.D. Tex. 2013) ("Because this action was removed from state court, the action may be construed as one brought under the federal Declaratory Judgment Act." (internal quotation marks omitted)); *cf. Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998) (holding that Texas Declaratory Judgment Act is "neither substantive nor controlling" in federal court).

Under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, however, "the declaratory judgment is merely a form of relief that the court may grant." *Val-Com Acquisitions Trust v. CitiMortgage, Inc.*, 421 F. App'x 398, 400–01 (5th Cir. 2011). Thus, this purported cause of action is not an independent cause of action, but a remedy. Since the Court grants summary judgment in favor of Defendant on all of Plaintiff's underlying substantive claims, this remedy is denied.

## B. Promissory Estoppel and Waiver

Under the cause of action titled "Promissory Estoppel and Waiver," Plaintiff seems to assert three distinct claims. First, Plaintiff claims that Defendant waived Plaintiff's obligation to pay her property taxes. (Doc. No. 5 at 4). Second, Plaintiff argues that Defendant is estopped from enforcing Plaintiff's obligation because she relied on its representation that she need not repay Defendant for the taxes until later. (*Id.*). Third, Plaintiff contends that Defendant is barred from foreclosing on the house because it failed to properly disclose the tax payment requirement under the reverse mortgage. (*Id.*). The Court takes these in turn.

4

### i. Waiver

Plaintiff contends that, by preempting her tax obligations and representing to her that she does not have to repay Defendant for the taxes it paid on her behalf until her loan balance is due, Defendant waived her contractual obligations. (*Id.* at 3–4). Waiver, however, is an affirmative defense, not an independent cause of action. *See Petro Harvester Operating Co., L.L.C. v. Keith*, 954 F.3d 686, 697 (5th Cir. 2020) (characterizing waiver as an "affirmative defense"); *Tenneco Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996) (same). While Defendant did assert a counterclaim for foreclosure under the contract, Plaintiff never filed an answer to those counterclaims to preserve this affirmative defense. It is questionable whether she can preemptively and collaterally assert it in her Amended Complaint, filed almost eight months *before* Defendant first filed its counterclaim. Therefore, arguably, she has not properly asserted or preserved this affirmative defense.

Nevertheless, even if she had properly asserted this argument, it fails because Plaintiff provides no evidence that raises an issue of material fact. Waiver requires (1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right. *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008). "The intent to relinquish the right must be unequivocally manifested and is the key element in establishing waiver." *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 239–40 (5th Cir. 2014) (applying Texas law).

In this case, Defendant points to the Deed of Trust, which states that "[a]ny forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy." (Doc. No. 16-1 at 23). This express nonwaiver provision, combined with the Supreme Court of Texas' pronouncement that "there can be no doubt that, as a general proposition,

5

nonwaiver provisions are binding and enforceable," *Shiels Limited Partnership v. Bradberry*, 526 S.W.3d 471, 481 (Tex. 2017), clearly establishes that Defendant did not intend to relinquish its contractual right. Plaintiff, on the other hand, has presented no evidence to the contrary and, thus, has not met her burden under the summary-judgment standard.

### ii. Promissory Estoppel

"In addition, or in the alternative," Plaintiff contends that Defendant is "barred to enforce the requirement [of payment] by promissory estoppel" because she detrimentally relied on its representation that she need not repay Defendant for the taxes it paid on her behalf. (Doc. No. 5 at 4). In this context, this, too, is a defense that may not have been properly pleaded. *See Trammell Crow Co. No. 60 v. Harkinson*, 944 S.W.2d 631, 636 (Tex. 1997) ("Promissory estoppel generally is a defensive doctrine in that it estops a promisor from denying the enforceability of the promise.").

That possible defect aside, Plaintiff still cannot survive summary judgment on this issue. Promissory estoppel requires: (1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the facts; (5) who detrimentally relies on the representations. *Ulico*, 262 S.W.3d at 778 (citing *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 515–15 (Tex. 1998)). This doctrine, however, "becomes available to a claimant only in the *absence* of a valid and enforceable contract." *Tremble v. Wells Fargo Home Mortg., Inc.*, 478 F. App'x 164, 165 (5th Cir. 2012) (citing *Doctors Hosp. 1997, L.P. v. Sambuca Houston, L.P.*, 154 S.W.3d 634, 636 (Tex. App—Houston [14th Dist.] 2004, pet. abated)) (emphasis in original).

Nowhere in her Complaint does Plaintiff argue that the reverse mortgage was not a valid, enforceable contract. In fact, she admits the contract is valid and seeks to enforce it. *See* (Doc. No. 5 at 3) (seeking declaratory judgment "specifying the plaintiff and defendant's rights and duties in connection with the Deed of Trust and the underlying Note"); (*id.* at 4) ("The parties entered into a binding contract."). Assuming, arguendo, the Court had any basis to conclude the reverse mortgage was not a valid contract (which it does not), she has not submitted any evidence on these five elements to survive summary judgment.

Moreover, even if the Court liberally reads her one-sentence promissory-estoppel cause of action to mean she seeks to enforce, via promissory estoppel, a *modification* to her tax obligations under the original Deed of Trust, she fares no better. "In Texas, a loan agreement in which the amount involved exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound." *Williams*, 560 F. App'x at 238–39 (citing TEX. BUS. & COM. CODE § 26.02(b)). This rule also "applies to preclude enforcement of oral modifications to loan agreements." *Id.* at 239. Here, the loan amount involved is $600,000. (Doc. No. 16-1 at 8). Plaintiff has not provided the Court with any written agreements—or, indeed, any evidence—purporting to modify the existing agreement. Thus, Plaintiff has not provided sufficient evidence to satisfy her burden.

Moreover, the estoppel exception to the statute of frauds is inapplicable. "In order for that exception to apply, there must have been a promise to sign a written agreement that had been prepared and would itself satisfy the statute of frauds." *Id.* Again, Plaintiff has not provided the Court with any summary-judgment evidence of any agreements or amendments that would support her claim. Therefore, her promissory estoppel argument fails as a matter of law.

7

### iii. Fraud

Her last sentence under the "Promissory Estoppel and Waiver" cause of action argues that Defendant "is barred from seeking foreclosure on the basis that the defendant failed to properly disclose the tax payment requirement under the reverse mortgage agreement." (Doc. No. 5 at 4). Not only does this threadbare assertion wholly fail to specify which species of fraud Plaintiff is alleging, her contention, as pleaded, is a defense against enforcement of a contract, not a cause of action. Regardless of how it is pleaded, Plaintiff has not submitted any evidence that shows that Defendant "failed to properly disclose the tax payment requirement." Indeed, as Defendant points out, the second paragraph of the Deed of Trust that Plaintiff signed specifically lays out Plaintiff's obligation to pay her property taxes directly to the government authorities or through Defendant.[1] (Doc. No. 16-1 at 17). Thus, her fraud claim also fails.

### C. Breach of Contract

In the alternative, Plaintiff brings a claim for breach of contract. (Doc. No. 5 at 4). She claims that Defendant "failed to honor its contractual obligations when it improperly sought to accelerate the underlying note and seek a foreclosure of the defendant's [sic] home." (*Id.*). A breach of contract action under Texas law includes four elements: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the

---

[1] The paragraph reads:

> **2. Payment of Property Charges.** Borrower shall pay all property charges consisting of taxes, hazard insurance premiums, flood insurance premiums, ground rents, condominium fees, planned unit development fees, homeowner's association fees, and any other assessment that may be required by local or state law in a timely manner, and shall provide evidence of payment to Lender unless Lender pays property charges by withholding funds from monthly payments due to the Borrower or by charging such payments to a line of credit as provided for in the Loan Agreement.

(Doc. No. 16-1 at 17).

8

defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Williams*, 560 F. App'x at 238.

Her claim fails for two reasons. First, "a claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached." *Id.* Plaintiff does not do so. True, she writes that Defendant "improperly sought to accelerate the underlying note and seek a foreclosure," plausibly referring to those sections of the contract. The Fifth Circuit, however, have held that a plaintiff's assertion that a bank "breached the deed of trust by deliberately or negligently accelerating the note and foreclosing on their property" insufficiently identified the specific contract provision. *Id.* Plaintiff's almost-identical assertions here cannot survive summary judgment.

Second, "if, as here, plaintiffs fail to allege they were current on their payments under the deed of trust, dismissal of their breach of contract claim is proper." *Id*. Instead, Plaintiff merely pleads that, when "the defendant began demanding repayment, Ms. Johnson tried to reach a payment agreement with the defendant," which was not reached. (Doc. No. 5 at 3); *see also* (Doc. No. 16-1 at 5) (a sworn declaration stating that Plaintiff "failed to make her tax and/or insurance payments under the terms of the Loan" and that the "Loan remains in default"). That is, she has not properly pleaded whether she tendered performance. More importantly, she has not submitted any summary-judgment evidence to raise fact issues on her contractual performance or any purported breach by Defendant. Therefore, Defendant is entitled to summary judgment on this and all other claims by Plaintiff.

### D. Foreclosure

Defendant also moves for summary judgment on its sole counterclaim, a suit for foreclosure. (Doc. No. 16 at 12–15); (Doc. No. 15 at 9). To foreclose under a security instrument

in Texas with a power of sale, "the lender must demonstrate that: (1) the debt exists; (2) it is secured by a lien created in compliance with Texas law; (3) the borrower is in default; and (4) the borrower has been properly served with notice of default and acceleration." *Ammons v. Wilmington Savings Fund Society*, No. 4:22-cv-3164, 2024 WL 1893603, at *3 (S.D. Tex. Apr. 30, 2024) (Hanen, J.) (citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014)).

The uncontroverted summary-judgment evidence establishes all four elements. First, Plaintiff executed the note in question, (Doc. No. 16-1 at 8), and Defendant is the proper assignee to enforce the debt, (*id.* at 32). Second, in conjunction with the note, Plaintiff also executed an "Adjustable Rate Home Equity Conversion Deed of Trust" that created a valid lien on the property whose address is 6444 Magnolia Street, Katy, Texas 77493. (*Id.* at 16). Third, Plaintiff failed to repay the taxes that Defendant paid on her behalf. (*Id.* at 5); (Doc. No. 5 at 3). Fourth, Defendant sent Plaintiff a notice of default, entitled "Mortgage Due & Payable Notification," via certified mail on March 11, 2019. (Doc. No. 16-1 at 36–42). When she did not pay, on January 28, 2020, Defendant sent a Notice of Acceleration of Loan Maturity to Plaintiff via certified mail. (*Id.* at 44–45). Plaintiff has not provided any evidence to the contrary. Thus, the Court finds Plaintiff to be in default and that Defendant has established its right to foreclose as a matter of law.

Lastly, Defendant must demonstrate that it is the proper party to enforce the loan documents; and it has. Under Texas law, a party has standing to foreclose on real property if it is the holder or the owner of a note secured by a security instrument. *J.W.D., Inc. v. Federal Ins. Co.*, 806 S.W.2d 327, 329–30 (Tex. App.—Austin 1991, no writ). Defendant has established that it is "the current holder and owner of the specially indorsed Note and beneficiary of the Security

Instrument." (Doc. No. 16-1 at 5). Plaintiff, again, has not provided any evidence to the contrary. Thus, Defendant has the power and the right to enforce it.

It is also entitled to proceed with the foreclosure as a "mortgagee" under Chapter 51 of the Texas Property Code. "[T]he last person to whom the security interest has been assigned of record" is a mortgagee. TEX. PROP. CODE § 51.0001(4). The uncontroverted summary-judgment evidence clearly shows that the security interest has been assigned to Defendant. (Doc. No. 16-1 at 32). Defendant, therefore, has the right to foreclose.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment, (Doc. No. 16), and finds that Plaintiff take nothing. The Court further finds that Defendant is the proper entity to enforce the loan and security documents covering Plaintiff's property and that it has the right to foreclose.

Signed on this the 26th day of November 2024.

Andrew S. Hanen
United States District Judge